UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| DAVID LEWIS BENTON, SR., | ) |
| Plaintiff, | ) Civil Action No. 5: 14-42-JMH |
| V. | ) |
| KENTUCKY COMMUNITY & TECHNICAL COLLEGE, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the motion of the defendant, Kentucky Community & Technical College System ("KCTCS"), to dismiss the complaint. [R. 11] Plaintiff David Lewis Benton, Sr., has filed a response to the motion [R. 13] to which KCTCS has replied [R. 15]. Each party has also filed a supplemental reply regarding the issues raised in the motion. [R. 16, 17] This matter is therefore ripe for decision.

**I**

On January 27, 2014, Benton filed suit against KCTCS in the United States District Court for the Western District of Kentucky. In his complaint, Benton alleged that he enrolled in KCTCS in 2006 to study digital production. At some point in 2009, he was involved in an argument with another student and was expelled from the school. Benton stated that he had no

1

prior violations of the school's code of conduct. Without explanation, Benton contended that his expulsion violated his civil and educational rights, and sought an apology and $6.5 million in damages.[1] [R. 1, pp. 1-3] In an amended complaint filed on March 7, 2014, Benton asserted, again without explanation, that the school's conduct violated a number of federal criminal statutes and state statutes. [R. 10] On February 11, 2014, the Western District transferred this action to this Court on venue grounds pursuant to 28 U.S.C. § 1406(a). [R. 4]

Following service of process, KCTCS filed its motion to dismiss the complaint. [R. 11] As grounds for dismissal, KCTCS contends that Benton's vague allegations fail to state a claim upon which relief may be granted, and that the Eleventh Amendment immunizes it from suit in federal court because it is a state agency. [R. 11-1, pp. 9-12] KCTCS next asserts that Benton's claims in this action are functionally identical to

---

[1] Referring to portions of the civil cover sheet filed by Benton, KCTCS characterizes his claims as arising under 42 U.S.C. § 2000a and § 2000c, and as asserting a class action. [R. 11-1, p. 3] But the civil cover sheet is strictly an administrative tool and is not a "pleading" under Rule 7(a), and therefore statements contained within it do not constitute part of the complaint for purposes of a motion to dismiss. *Cf. Brewster v. Aramark Corp.*, No. 2:14-CV-273, 2014 WL 3867284, at *1-2 (S.D. Ohio, Aug. 6, 2014); *Miller v. Township of Metamora*, No. CIV. 04-40302, 2006 WL 539560, at *2 (E.D. Mich. March 6, 2006).

2

those he previously asserted in a state court action he filed in Jefferson Circuit Court, No. 12-CI-006214. That action was dismissed for failure to state a claim, a decision presently pending on appeal to the Kentucky Court of Appeals. [R. 11-1, p. 3] Finally, KCTCS notes that since 2011 Benton has filed 33 lawsuits in the state and federal courts against it and other state agencies and officials, many of which have been dismissed for failure to state a claim or for lack of prosecution.[2] [R. 11-1, pp. 4-7] KCTCS seeks dismissal of this action and an order requiring Benton to pay the full filing fee in any action he files in the future. [R. 11-1, pp. 12-14]

In his four-sentence response, Benton requests that the Court defer ruling upon the motion to dismiss until after he

---

[2] After Benton filed his complaint in this action, he filed nine more civil actions in the Western District of Kentucky. *Benton v. Kentucky Community & Technical College*, No. 3:14-CV-65-JGH (W.D. Ky. 2014); *Benton v. Sheriff's Civil Processing Dept.*, No. 3:14-CV-97-JGH (W.D. Ky. 2014); *Benton v. Louisville Metro Police Dept. & Traffic Div.*, No. 3:14-CV-98-JGH (W.D. Ky. 2014); *Benton v. City Corrections Complex*, No. 3:14-CV-99-JGH (W.D. Ky. 2014); *Benton v. City of Louisville Family Court Div.*, No. 3:14-CV-263-CRS (W.D. Ky. 2014); *Benton v. Jefferson County Attorney's Office*, No. 3:14-CV-264-CRS (W.D. Ky. 2014); *Benton v. Sherlock*, No. 3:14-CV-468-JGH (W.D. Ky. 2014); *Benton v. Houchens*, No. 3:14-CV-469-JGH (W.D. Ky. 2014); *Benton v. Commissioner of Social Security*, No. 3:14-CV-470-DW (W.D. Ky. 2014). The first was recently transferred to this Court on venue grounds. The Western District has conducted an initial screening of the next five cases, and all have been dismissed for failure to state a claim, and include a certification that any appeal would not be taken in good faith. Benton has appealed the dismissal of all five of those actions to the Sixth Circuit Court of Appeals.

submits a "structured" complaint and pertinent evidence, or the defendant decides to settle the case.[3] Benton also asks the Court to transfer this case back to the Western District because while he indicated in his complaint that the defendant was located in Versailles, Kentucky, the events complained of actually occurred in Louisville, Kentucky. [R. 13, pp. 2-3]

**II**

Having reviewed the parties' submissions, it is plain that Benton's complaint is subject to dismissal on a number of grounds. The Court will therefore dismiss Benton's complaint and deny his motion to transfer venue, a matter falling within the Court's discretion under § 1406(a), as futile.

First, the Eleventh Amendment specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009). In addition, states, state agencies, and state officials sued in their official capacities for monetary damages

---

[3] Because Benton has not filed either a new "structured" complaint nor any new pertinent evidence in support of his claims in the five months since he filed his original response, the Court evaluates KCTCS's motion to dismiss in light of the record as it currently stands.

are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

In determining whether a particular entity constitutes an "arm of the state" for Eleventh Amendment purposes, the Court must canvas applicable state law to assess its degree of autonomy from state control, by determining whether the state would be liable for a judgment entered against it, reviewing whether the rules which govern its conduct are created by the state or are promulgated from within, and considering the source of funding for its operations. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Brotherton v. Cleveland*, 173 F.3d 552, 560 (6th Cir. 1999). KCTCS was created by Kentucky statute, Ky. Rev. Stat. 164.580, is part of Kentucky's "postsecondary education system," Ky. Rev. Stat. 164.001(16), and Kentucky law establishes that "state institutions of higher education under KRS 164 are agencies of the state" under Ky. Rev. Stat. 44.073(1). There is therefore no question that KCTCS is an arm of the state under the Eleventh Amendment, and the Court must dismiss Benton's claims against it for lack of subject matter jurisdiction. *See McCollum v. Owensboro Community & Technical College*, No. 4:09CV-121-M, 2010 WL 1742379, at *2 (W.D. Ky. April 29, 2010).

Even if Benton could pursue his claims in this Court, they would fail on other grounds. Benton's attempt to assert claims predicated upon three federal criminal statutes, 18 U.S.C. §§ 241, 246, and 1038, must fail because only a federal prosecutor, not a private citizen, may assert such claims. 28 U.S.C. § 547(1); *see also Gill v. State of Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005) ("decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute."); *Abner v. General Motors*, 103 F. App'x 563, 566 (6th Cir. 2004) (finding that the plaintiff could not initiate a federal criminal prosecution); *Johnson v. Working America, Inc.*, No. 1:12CV1505, 2012 WL 3074775, at *2 (N.D. Ohio July 30, 2012); *Ball v. City of Indianapolis*, 2014 WL 3673466, at *8 (7th Cir. 2014). Benton's inexplicable reference to 29 U.S.C. § 1109, which provides a cause of action against a fiduciary under a tax-qualified retirement plan under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, has no conceivable bearing upon his factual allegations, and fails to state a claim upon which relief may be granted.

Benton's attempt to assert claims under 42 U.S.C. §§ 1981 and 1985 must also fail. His claim under § 1985 fails to state

a claim because the statute applies only to conspiracies made between two or more persons, and Benton alleges no conspiracy nor identifies any second party to such a conspiracy. *Cf. Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005). His claim under § 1981 fails because 42 U.S.C. § 1983 is the exclusive remedy for a state actor's alleged violation of rights secured under § 1981. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-33 (1989); *McCormick v. Miami Univ.*, 693 F.3d 654, 658-61 (6th Cir. 2012). Any claim by Benton under § 1983, arising out of conduct occurring in Kentucky in 2009, would be barred by the applicable one-year statute of limitations. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Having determined that none of Benton's federal claims survive dismissal, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

Finally, the Court declines KCTCS's invitation to enter a broad injunction prospectively denying Benton *pauper* status in this district. This case, and its companion *Benton v. Kentucky Community & Technical College*, No. 5:14-322-JMH (E.D. Ky. 2014), were transferred to this Court in light of Benton's allegation that he was suing KCTCS in Versailles, Kentucky. All of the cases that Benton has previously initiated were filed in the Western District of Kentucky; in Jefferson County, Kentucky; in the Southern District of Indiana; or in Clark County, Indiana. [R. 11-1, pp. 4-7] Benton is previously a resident of Louisville, Kentucky, and now resides in Jeffersonville, Indiana. These facts strongly suggest that should Benton file any future lawsuits, he will do so in those jurisdictions. That said, the Court will not hesitate to deny *pauper* status, collect a filing fee, or impose sanctions upon Benton should he file litigation that is, like this case, filed for frivolous or abusive purposes.

Accordingly, **IT IS ORDERED** that:

1. Defendant's motion to dismiss the complaint [R. 11] is **GRANTED**; Defendant's motion for injunctive relief [R. 11] is **DENIED**.

2. The federal claims asserted in Benton's original and amended complaints [R. 1, 10] are **DISMISSED WITH PREJUDICE**; Benton's claims under state law are **DISMISSED WITHOUT PREJUDICE**.

3. Benton's motion to transfer venue [R. 14] is **DENIED**.

4. The Court will enter a judgment contemporaneously with this Order.

5. The Court **CERTIFIES** that any appeal would not be taken in good faith.

6. This matter is **STRICKEN** from the active docket.

This the 4th day of September, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge